IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| David D. Stanfield, ) | |
| ) | C/A No. 2:09-2711-MBS-RSC |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| CitiMortgage, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff David D. Stanfield, proceeding pro se, brought this action on October 19, 2009, asserting that Defendant CitiMortgage, Inc. discriminated against him in violation of the Equal Credit Opportunity Act and in violation of the Fourteenth Amendment. Also on October 19, 2009, Plaintiff filed a motion for a temporary restraining order and order to show cause why a preliminary injunction should not issue (Entry 4).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. On October 26, 2009, the Magistrate Judge issued a Report and Recommendation in which he recommended that Plaintiff's motion for temporary restraining order be denied. Plaintiff filed objections to the Report and Recommendation on October 29, 2009.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the

Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge determined that the temporary restraining order should not issue because Plaintiff had not made a clear showing that immediate and irreparable injury, loss, or damage would result before Defendant could be heard in opposition. Entry 22, 5 (quoting Fed. R. Civ. P. 65(b)(1)(A). The Magistrate Judge noted that Plaintiff, in his complaint, alleged that Defendant had obtained a foreclosure order, Plaintiff and his family had lost their home, and Plaintiff had suffered financial hardship in liquidating his assets and moving his family to a rental unit. Thus, the Magistrate Judge determined that the irreparable injury alleged to require an immediate order had already taken place. See Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374-76 (2008) (holding that to obtain injunctive relief, a plaintiff must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of relief; (3) the balance of equities tips in his favor, and (4) injunctive relief is in the public interest).

In his objections, Plaintiff asserts that he is still in possession of the home because the final eviction notice has not been served. Plaintiff states that when the complaint was written it was assumed that the eviction would take place before the court would have time to act. Plaintiff contends that a temporary restraining order would maintain the status quo until a hearing on the merits.

As the Magistrate Judge noted, a plaintiff faces a stringent test to prevail on a prayer for injunctive relief. A plaintiff must make a clear showing that he will likely succeed on the merits at trial and that he is likely to be irreparably harmed absent preliminary relief. Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346-47 (4th Cir. 2009) (citing Winter, 129 S.

2

Ct. at 374-76). In addition, the court must pay particular regard for the public consequences in employing the extraordinary remedy of injunction. Id. at 347 (quoting Winter, 129 S. Ct. at 376-77). In the court's view, Plaintiff has not met his burden. There is case law to support a finding that the loss of a home through foreclosure can constitute an irreparable injury in certain circumstances. See Alcaraz v. Wachovia Mortgage FSB, 592 F. Supp. 2d 1296 (E.D. Cal. 2009) (no irreparable injury where homeowner sought a loan beyond her financial means and expectation of job loss). However, Plaintiff has not made a clear showing that he will succeed on the merits of his claim that Defendant is mandated by Congress to provide him relief and assistance with his mortgage. See Williams v. Geithner, 2009 WL 3757380 (D. Minn. Nov. 9, 2009) (setting forth eligibility requirements).

Plaintiff's motion for a temporary restraining order (Entry 4) is **denied.** The within action is recommitted to the Magistrate Judge for further pretrial handling.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

December 2, 2009.