IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| David D. Stanfield, | ) | |
| | ) | C/A No. 2:09-2711-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| CitiMortgage, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff David D. Stanfield, proceeding pro se, brought this action on October 19, 2009. Plaintiff alleges that Defendant CitiMortgage, Inc. improperly denied him a loan modification under the Home Affordable Modification Program and that he has faced foreclosure in state court as a result. Plaintiff asserts that Defendant discriminated against him in violation of the Equal Credit Opportunity Act and in violation of the Fourteenth Amendment. .

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. On March 25, 2010, Defendant filed a motion for judgment on the pleadings. By order filed April 2, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge advised Plaintiff of the applicable procedures and the possible consequences if he failed to respond adequately. Plaintiff filed a response in opposition to Defendant's motion on April 23, 2010, to which Defendant filed a reply on May 3, 2010, and Plaintiff filed a surreply on May 10, 2010. On July 16, 2010, the Magistrate Judge issued a Report and Recommendation in which he noted that the purpose of Plaintiff's complaint is to seek relief from the underlying state court foreclosure action. Accordingly, the Magistrate Judge recommended that Defendant's motion be granted and the case ended in accordance with the Rooker-Feldman doctrine. See Lance v. Dennis, 546 U.S. 459, 463 (2006 )

(noting that Rooker-Feldman doctrine precludes federal courts from exercising appellate jurisdiction over final state court judgments). Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has carefully reviewed the record. The court adopts the Report and Recommendation and incorporates it herein by reference. Accordingly, Defendant's motion for judgment on the pleadings (Entry 32) is **granted** and the case dismissed in accordance with the Rooker-Feldman doctrine.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina
August 13, 2010.

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**